**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ZURICH SPECIALTIES LONDON, LTD.,**

                **Plaintiff,**

      **v.**                                   **1:05-CV-0577**
                                         **(GLS/DRH)**

**ELLISTON, LLC and U.S. ADJUSTMENT**
**CORPORATION,**

                **Defendants.**
_____

**APPEARANCES:**               **OF COUNSEL:**

**FOR THE PLAINTIFF:**

KENNEY, SHELTON           JUDITH TREGER SHELTON, ESQ.
LAW FIRM
14 Lafayette Square
Suite 510 Rand Building
Buffalo, New York 14203

**FOR THE DEFENDANT:**

AINSWORTH, SULLIVAN      ELIZABETH M. DUMAS, ESQ.
LAW FIRM
320 Great Oaks Boulevard
Albany, New York 12203

**Gary L. Sharpe**
**U.S. District Judge**

**MEMORANDUM-DECISION & ORDER**

I. **Introduction**

Zurich Specialties Limited, Inc. (Zurich) has moved for an entry of the Clerk's default judgment against U.S. Adjustment Corporation (USAC). USAC responded[1] to Zurich's motion, and filed a cross-motion seeking leave to file a late answer. For the reasons that follow, Zurich's motion is denied, the Clerk's entry of default is vacated, and USAC's motion to file a late answer is granted.

II. **Background**

On June 2, 2005, this action was commenced against USAC by personal service of the summons and complaint seeking declaratory judgment on the New York Secretary of State. *Dkt. No. 5.* USAC failed to answer or make an appearance. The clerk entered default against USAC on July 14. *Dkt. No. 7.* On July 15, Zurich filed the instant motion pursuant to Local Rule 55.2(b).[2] *Dkt. No. 8.* On September 19, USAC filed its cross-

---

[1] The court has construed USAC's response as a motion to vacate the Clerk's entry of default.

[2] Local Rule 55.2(a) governs Default Judgment by the Clerk and requires, *inter alia*, that an affidavit be filed which shows that: (1) The party against whom judgment is sought is not an infant/incompetent person; and (2) the party is not in the military service. Local Rule 55.2(b) governs Default Judgment by the Court and requires an affidavit which satisfies the requirements as set forth by L.R. 55.2(a).

2

motion.  *Dkt. No. 16.*

### III.    Discussion

"The dispositions of motions for entries of defaults and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties."  *Enron Oil Corp. v Diakuhara*, 10 F.3d 90,96 (2d Cir. 1993).  Rule 55(b)(2) of the Federal Rules of Civil Procedure allows parties to seek default judgments in actions where the sum sought is uncertain.  Rule 55(b)(2) mandates that a party seeking default "shall apply to the court therefor."  *See* Fed. R. Civ. P. 55(b)(2).  After entry of default, the defaulting party may move to set aside the entry for "good cause shown" pursuant to Fed. R. Civ. P. 55(c).  Generally, the standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the "excusable neglect" standard for setting aside a default judgment by motion pursuant to Rule 60(b).  *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981).

Courts in this circuit construe "good cause" broadly.  *Enron,* 10 F.3d at 96; *see also Meehan,* 652 F.2d at 277.  Three principal factors apply in

3

assessing whether good cause has been shown: 1) whether the default was willful; 2) whether setting aside the clerk's entry of default would prejudice the adversary; and 3) whether a meritorious defense is presented.  *Enron,* 10 F.3d at 96.  Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would produce a harsh or unfair result.  *Enron,* 10 F.3d at 96.  Although a district court has discretion when evaluating these factors, defaults generally are disfavored, particularly when the case presents issues of fact.  *Meehan,* 652 F.2d at 277.

"The sanction of judgment by default ... is the most severe sanction which the court may apply, and its use must be tempered by careful exercise of judicial discretion to assure that its imposition is merited." *Trans World Airlines, Inc. v. Hughes,* 332 F.2d 602, 614 (2d Cir.1964).  In other words "[t]he extreme sanction of a default judgment must remain a weapon of last, rather than first, resort."  *Meehan,* 652 F.2d at 277.  It follows then, that doubts are to be resolved in favor of a trial on the merits. *Sony Corp. v. Elm State Electronics, Inc.,* 800 F.2d 317, 320 (2d Cir.1986).

**IV.**   **Application of Standard**

4

Willfulness does not generally include conduct that is careless or negligent. *American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.,* 92 F.3d 57, 61 (2d Cir.1996). Here, USAC claims that it did not receive a copy of the summons and complaint because it had relocated, and the attorney general's office did not have USAC's new address on record. USAC's failure to update its current address with the attorney general does not appear to be willful. Indeed, there is no indication that USAC acted in bad faith in failing to timely defend. Furthermore, setting aside the entry of default will not prejudice Zurich. Prejudice results when delay causes "the loss of evidence, create difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler,* 713 F.2d 907, 916 (2d Cir.1983) (citation omitted). Here, discovery has not begun. Zurich filed its entry of default on June 12, 2005, and USAC responded on September 9, less than two months thereafter. Certainly, Zurich has not been prejudiced by the two month delay.

Lastly, USAC has presented evidence of meritorious defenses. There appears to be an issue regarding a disclaimer. USAC contends that the disclaimer was not untimely and that it had no duty to determine if the disclaimer should be sent. USAC also maintains that the court lacks

5

subject matter jurisdiction. "To satisfy the criterion of a meritorious defense, the defense need not be ultimately persuasive at this stage." *Niepoth v. Montgomery County Dist. Attorney's Office*, 177 F.R.D. 111, 113 (N.D.N.Y.)(C.J. McAvoy)(internal citation omitted). "A defense is meritorious if it is good at law so as to give the fact finder some determination to make." *Id.* (citation omitted). Here, USAC has provided evidence of these defenses sufficient to set aside the entry of default.

Accordingly, since USAC has demonstrated that its default was not willful, that Zurich will suffer no prejudice, and that it has meritorious defenses, the entry of default is vacated. For the reasons stated above, defendants' motion to vacate the entry of default is **GRANTED.**

**WHEREFORE**, it is hereby

**ORDERED**, that the defendant shall appear and file an answer within thirty days of the filing of this Order; and it is further

**ORDERED**, that the Clerk of Court serve a copy of this Order on all parties.

Albany, New York
December 8, 2005

_____
Gary L. Sharpe
U.S. District Judge

6